IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EDWARD W. BENSON, III,             :
                                    :
            Petitioner,             :
                                    :
    v.                              :    Civil Action No. 16-213-LPS
                                    :
DANA METZGER, Warden, and           :
ATTORNEY GENERAL OF THE             :
STATE OF DELAWARE,                  :
                                    :
            Respondents.[1]         :

## MEMORANDUM OPINION

Edward W. Benson III. *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

September 30, 2019
Wilmington, Delaware

---

[1] Warden Dana Metzger replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

STARK, U.S. District Judge:

## I. INTRODUCTION

Presently pending before the Court is Petitioner Edward W Benson, III's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed an Answer in opposition. (D.I. 13) For the reasons discussed, the Court will dismiss the Petition.

## II. BACKGROUND

On June 9, 2014, Petitioner pled guilty to one count of first degree assault as a lesser-included offense of attempted first degree murder. (D.I. 13 at 2) The Superior Court immediately sentenced Petitioner to twenty-five years of Level V incarceration, suspended after four years and six months for lesser levels of supervision. (D.I. 13 at 2) Petitioner did not file a direct appeal.

On July 7, 2014, Petitioner filed a letter with the Superior Court complaining that his rights under Americans with Disabilities Act ("ADA") were being ignored and that he was being denied the opportunity to earn good time credit. (D.I. 13 at 2) On July 14, 2014, Petitioner filed a letter motion for sentence modification or reduction owing to, *inter alia*, alleged violations of the ADA and denial of an opportunity to reduce his sentence. He requested either modification of his sentence to home confinement or, alternatively, 145 days of good time credit. On September 23, 2014, the Superior Court denied the motion because Petitioner's medical condition had been considered at the time of sentencing and, in any event, his request was premature. The Superior Court found that Petitioner had not provided additional information warranting modification of his sentence. (D.I. 13 at 2; D.I. 16-5) Petitioner did not appeal that decision

On January 20, 2015, Petitioner's surrogate filed a letter with the Superior Court requesting relief because of Petitioner's medical condition and alleging denial of access to programs due to his

medical condition. On January 22, 2015, the Superior Court declined to modify Petitioner's sentence. (D.I. 13 at 2-3; D.I. 16-7) Petitioner did not appeal that decision.

On December 3, 2015, Petitioner's surrogate filed another letter with the Superior Court, requesting relief under Rule 35 and alleging denial of good time credit, and further alleging that Petitioner was unable to attend classes due to a lack of transportation and other resources. On December 29, 2015, Petitioner filed a letter with the Superior Court asking to modify his sentence, alleging that the DOC denied him access to programs because of his disability in violation of the ADA. Petitioner and/or his surrogate filed supplemental letters in support of his motion on January 20, 2016, February 22, 2016, and March 7, 2016. (D.I. 13 at 3) On March 8, 2016, the Superior Court denied Petitioner's Rule 35 motion, finding that: 1) the request was untimely under Rule 35(b); 2) it was repetitive; 3) the Superior Court would not interfere with the discretion of the DOC to classify Petitioner; 4) Petitioner provided stale information in support of his application; and 5) there was no extraordinary circumstance warranting relief. (D.I. 13 at 4; D.I. 16-13) Petitioner did not appeal that decision.

## III. EXHAUSTION AND PROCEDURAL DEFAULT

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or

2

> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see also Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that his habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines*, 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51. To

3

demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537-38 (2006); *see also Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir. 2002).

## IV. DISCUSSION

The Petition pending before the Court originally asserted the following three claims: (1) "violations of the Americans with Disabilities Act that directly result in [Petitioner] serving prison time that he wouldn't without the violation;" (2) "the DOC won't provide him with a safe wheelchair despite DOC policy and ADA laws;" and (3) Petitioner agreed to enter the plea because he believed he would receive good time and not have to serve the whole four and one-half year sentence. (D.I. 1) After its initial review of the Petition, the Court issued an Order dismissing Grounds One and Two for failing to assert issues cognizable on federal habeas review. (D.I. 3) The

Court noted that the Petition would proceed on Claim Three, and advised Petitioner of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). (D.I. 3) Petitioner filed his AEDPA Election Form stating that Claim Two had been resolved and that he wished to proceed with Claim One (ADA claim) as a separate action. (D.I. 4 at 4) The Court issued an Order directing the Clerk of the Court to open up a new civil suit for Claim One (D.I. 5) and a new case was opened as *Benson v. Pierce*, C.A. No. 16-639-LPS. As for the remaining ground for relief in the instant action – Claim Three – the State filed an Answer asserting that the argument should be denied as procedurally barred from habeas review. (D.I. 13 at 7-9)

To the extent Petitioner contends that his guilty plea was rendered involuntary because he only entered the plea based on defense counsel's assertion that he would receive good time credit, the record reveals that Petitioner never presented this argument to the Delaware Supreme Court on direct appeal or on post-conviction appeal. To the extent Petitioner contends that the DOC has improperly denied him good time credit, the record reveals that he presented variations of this argument to the Superior Court on several occasions, but he never appealed those decisions. Thus, Petitioner has failed to exhaust state remedies for both versions of his argument.

At this juncture, if Petitioner attempted to present either version of his argument to the Superior Court in a Rule 61 motion or a Rule 35 motion, the motions would be time-barred. *See* Del. Super. Ct. Crim. R. 61(i)(1) (establishing one-year time limit to file post-conviction motion) & (i)(5) (excusing time-bar only if court lacked jurisdiction, there is new evidence of actual innocence, or there is new rule of constitutional law that is retroactive); Del. Super. Ct. Crim. R. 35(b) (court will consider application under this rule filed more than 90 days after imposition of sentence only in extraordinary circumstances or made by DOC pursuant to 11 Del. C. § 4217). Consequently, the Court must treat the Claim(s) as technically exhausted but procedurally defaulted, which means that

5

the Court cannot review the merits of the Claim(s) absent a showing of cause and prejudice, or that a miscarriage of justice will result absent such review.

Petitioner asserts that he did not exhaust state remedies because he was not aware of a method beyond seeking relief from the sentencing judge or through the prison grievance process. (D.I. 1 at 5-9) However, Petitioner's ignorance or lack of legal knowledge regarding the appeal process does not constitute cause to excuse his procedural default. *See Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002) (explaining that cause "cannot be based on the mere inadvertence of the petitioner or petitioner's counsel to take an appeal"); *Hartman v. Deloy*, 890 F.Supp.2d 498, 506 (D. Del. 2012).

Given Petitioner's failure to establish cause for his default, the Court does not need to address the issue of prejudice. Additionally, the miscarriage of justice exception does not excuse Petitioner's procedural default, because he has not provided any new reliable evidence of his actual innocence. For these reasons, the Court will deny Petitioner's Claim(s) as procedurally barred.

V. **CERTIFICATE OF APPEALABILITY**

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the

petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

The Court has concluded that the instant Petition does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied. An appropriate Order will be entered.